# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON KEARNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 4:15-CV-00535 JCH |
| v. ) | |
| ) | |
| BECO CONCRETE PRODUCTS, INC. ) | |
| and ) | |
| J.H. BERRA CONSTRUCTION CO., INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Brandon Kearns's Motion to Remand Defendant's Notice of Removal. (ECF No. 9). The Motion has been fully briefed and is ready for disposition.

Kearns initiated this action by filing a Petition in the Circuit Court for St. Louis County, Missouri. (Petition, ECF No. 5). Defendants then timely removed the action to this Court. (Removal Notice, ECF No. 1). In his Petition, Kearns alleges that he was employed by Defendants as a laborer. (Petition ¶ 1). He injured his elbow while he was working and underwent surgery for treatment. *Id.* ¶¶ 5-10. Kearns was eventually released by his doctors to return to work. *Id.* ¶ 11. Despite that release, Defendants never again placed Kearns on the work schedule or told him when he would be allowed to return. *Id.* ¶ 13. Kearns therefore claims in his Petition that Defendants constructively discharged him in retaliation for Kearns' use of Missouri's workers' compensation statute. *Id.* ¶ 15.

1

Kearns now seeks remand of this action because he brought his claim under Mo. Rev. Stat. § 287.780, which establishes a cause of action in favor of Missouri workers who are discriminated against for taking advantage of their workers' compensation rights.

## **DISCUSSION**

Citing 28 U.S.C. § 1445(c), Kearns correctly contends that actions "arising under" state workers' compensation law cannot be removed to federal courts. (Support Memo, ECF No. 10, at 3). According to Kearns, this is such a case and remand therefore is necessary. *Id.* Defendants respond that § 1445(c) does not bar removal in this case because Kearns's claim has been completely pre-empted by § 301 of the Labor Management Relations Act ("LMRA"). (Response, ECF No. 12, at 7). The Court therefore has jurisdiction, and the case was properly removed. *Id.*

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011). Failure to demonstrate the existence of federal jurisdiction results in remand. 28 U.S.C. § 1147(c).

The alleged basis for federal jurisdiction here is "federal question" jurisdiction. 28 U.S.C. § 1331. The federal question statute grants to district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

The parties' dispute centers on two legal principles that seem to be in tension with each other. As Kearns notes, actions arising under state workers' compensation laws are non-removable. § 1445(c). To determine whether a claim arises under a state's workers' compensation law, the Eighth Circuit has adopted the principles of the "arising under" inquiry used in relation to § 1331, *i.e.*, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . ." *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 146 (8th Cir. 1995) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). A cause of action therefore arises under a state workers' compensation statute if a right established by that statute is an essential element of the plaintiff's claim. *Id.* The question in *Humphrey* regarding § 1445(c) was whether a claim of discrimination under § 287.780 could be said to arise under Missouri's workers' compensation law. The Eighth Circuit held that it did.

The Eighth Circuit also held in *Humphrey* that the § 1445(c) rule is subject to the doctrine of complete pre-emption. *Humphrey*, 58 F.3d at 1246. The Supreme Court has explained that certain federal statutes have such force that they can convert a state law "'complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 1242 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). Stated differently, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim . . . ." *Id.* at 1242 (quoting *Williams*, 482 U.S. at 392-93)). Thus, a claim that facially arises under a state workers' compensation statute would not be non-removable under § 1445(c) if the claim has been completely pre-empted because it does not, in actuality, arise under state law. Instead, it is a federal claim at the outset. One such situation is where a state-law claim is pre-empted by § 301 of the LMRA because the

claim "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).

The tension in this case must be resolved in favor of Kearns under Eighth Circuit precedent. In *Johnson v. AGCO Corp.*, 159 F.3d 1114 (8th Cir. 1998), an assembly line worker suffered two work-related injuries and filed claims for worker's compensation based on each. *Id.* at 1115. The worker returned to work while his claims were still pending. *Id.* After a dispute with his employer about settling those claims, the employer instructed him to take an unpaid leave of absence. *Id.* The worker then filed suit in state court under § 287.780. *Id.* The employer removed the case to federal court, and the district court found it had jurisdiction over the claim based on the complete pre-emption doctrine because the outcome would depend on interpretation of "provisions of the collective bargaining agreement concerning job requirements, ability, and fitness for duty . . . ." *Id.* at 1116. The Eighth Circuit reversed. It noted first that an earlier panel had rejected a similar claim in *Humphrey*. It also relied on the Supreme Court's holding in *Williams*, 482 U.S. at 398-99, for the rule that "'[t]he presence of a federal question, even a § 301 question, in a defensive argument' does not render a cause removable . . . ." *Id.*

This case is substantially indistinguishable from *Johnson*. Kearns, like the worker in *Johnson*, has brought a discrimination claim under § 287.780. One element of this cause of action is that a plaintiff's exercise of his workers' compensation rights was a "contributing factor" to his employer's decision to take action against him. *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 382-84 (Mo. 2014). Defendants contend that this causation inquiry will inherently involve interpretation of their authority to allow Kearns to return to work, particularly in relation to the controlling CBA's "Seniority" provision. (Response at 8). This argument is mistaken. Defendants have not made a showing that Kearns's claim depends on such an

4

interpretation, only that their defense to his claim will require this interpretation. Under *Johnson* and *Williams*, this does not amount to § 301 pre-emption.

This inadequacy is highlighted through comparison to the primary case on which Defendants rely, *Davis v. Johnson Controls, Inc.*, 21 F.3d 866 (8th Cir. 1994). In *Davis*, a production worker at a manufacturing company suffered a back injury. *Id.* at 867. About one year later, the production worker's physician said he could return to work. *Id.* The manufacturing company did not allow the worker to return, and the production worker brought suit under the Missouri Human Rights Act ("MHRA"), which involved a causation inquiry similar to a § 287.780 claim's inquiry. *Id.* The manufacturing company contended the production worker's claim was pre-empted by § 301 since interpretation of a CBA was necessary. *Id.* at 868. This was so, according to the manufacturer, because the production worker made a claim that he was discriminated against based on a "handicap." *Id.* To show the existence of a handicap under the MHRA requires demonstration of a condition "'which *with or without reasonable accommodation* does not interfere with performing the job.'" *Id.* (emphasis in original) (quoting Mo. Rev. Stat. § 213.010(10)). The Eighth Circuit ultimately agreed with the manufacturing company that interpretation of a seniority provision in the CBA would be necessary because the seniority provision related directly to the reasonable accommodation inquiry.

There is therefore a critical distinction between this case and *Davis*. The production worker in *Davis* was required under the MHRA to prove that the manufacturing company could have made a reasonable accommodation to return him to work. This was not merely a defense to his claim, but an element of the claim itself. Defendants' arguments are defensive arguments. They have not attempted show that Kearns's claim, as pled, depends on an interpretation of the CBA. The claim therefore is not pre-empted by § 301 under *Williams*, *Johnson*, and *Humphrey*.

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Brandon Kearns's Motion to Remand Defendant's Notice of Removal, (ECF No. 9), is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Kearns's request for costs based on improper removal is **DENIED**.

Dated this 7th day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE